UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DENISE S. THAGARD,

                              Plaintiff,

v.                                                 Civil Action No. _____

SECURITY CREDIT SYSTEMS, INC.,

                              Defendant.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff, Denise S. Thagard, is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant, Security Credit Systems, Inc., is a domestic business corporation organized and existing under the laws of the State of New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

### IV. FACTUAL ALLEGATIONS

9. Upon information and belief, someone named Stacy Love owes a debt. This debt will be referred to as the "subject debt."

10. Upon information and belief, the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. Stacy Love does not live with Plaintiff, nor does Plaintiff share a phone number with Stacy Love.

12. Stacy Love's mother lives in the residence upstairs from Plaintiff.

13. Plaintiff is in no way legally responsible to pay the subject debt.

14. Upon information and belief, Defendant was employed by the original creditor or current account holder to collect on the subject debt.

15. In or about December, 2011, Defendant began calling Plaintiff multiple times per week, often multiple times per day, in an attempt to collect the subject debt from Stacy Love.

16. During the first of these aforementioned calls, Plaintiff informed Defendant that she was not Stacy Love, that Stacy Love does not live with Plaintiff, and that she did not share a telephone number with Stacy Love. Plaintiff further demanded that Defendant cease and desist from calling her again, and to remove her number from their system.

17. In or about December, 2011, Plaintiff called Stacy Love's mother and informed her that Defendant was calling for her daughter. Plaintiff gave Stacy Love's mother Defendant's number. Stacy Love's mother called Defendant and demanded that they stop calling Plaintiff, but Defendant continued to call Plaintiff.

18. In or about December, 2011, Defendant called Plaintiff again for Stacy Love. While Plaintiff was still on the telephone with Defendant, again demanding that they stop calling Plaintiff, Plaintiff walked upstairs to Stacy Love's mother's residence. Plaintiff handed the phone to Stacy Love's mother, who again told Defendant that they were calling the wrong person and to stop call the Plaintiff.

19. Defendant indicated they would remove the Plaintiff's telephone number from their system. To date, however, they continued to call Plaintiff.

20. As a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

21. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 20 above.

22. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692b and 15 U.S.C. §1692b(3) by continuing to contact Plaintiff after they were informed that Plaintiff was not debtor, after the debtor's mother also informed Defendant was calling the wrong person, and after Plaintiff requested that Defendant remove her telephone number from their system.

    B. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(2) by repeatedly causing Plaintiff's telephone to ring with the intent to annoy, abuse or harass.

    C. Defendant violated 15 U.S.C. §1692f and 15 U.S.C. §1692f(1) by attempting to collect an amount not authorized by the agreement creating the debt or permitted by law.

23. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

   (a) Actual damages;

   (b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

   (c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

   (d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: June 27, 2012

      /s/ Kimberly T. Irving_____
Kenneth R. Hiller, Esq.
Kimberly T. Irving, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com
       kirving@kennethhiller.com